UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY D. CHERRY,

Plaintiff,

v. Case No: 6:14-cv-1621-Orl-37TBS

MITCHEM G. and OSCEOLA COUNTY,

Defendants.

---

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc 15). Upon due consideration I respectfully recommend that the motion be denied and this case be dismissed with prejudice.

### I. Background

On October 6, 2014, Plaintiff Anthony D. Cherry filed a § 1983 complaint in this Court against the Osceola County Sheriff, Osceola County Sheriff's Deputy "Mitchem G.," Public Defender Darlene Rollins, and Osceola County. (Doc. 1). He also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). According to his complaint, on February 17, 2014, Plaintiff was pulled over by two men riding in an unmarked police car. (Doc. 1, p. 3). One of the two officers, "Sergeant Griffin," ordered Plaintiff to exit his car and asked permission to search the vehicle. Plaintiff refused, but the other officer searched the car anyway.[1] (Id.).

Either during or shortly after the search of Plaintiff's vehicle, Defendant "Mitchem G.," an Osceola County Sheriff's Deputy, arrived in a marked car. (Id.). Out of earshot

[1] Plaintiff does not raise any claims based on this search.

of Plaintiff, Deputy Mitchem spoke briefly with Sgt. Griffin and following this conversation, Deputy Mitchem placed Plaintiff under arrest. (Id.). Plaintiff was booked into the Osceola County Jail on charges of possession of a controlled substance and possession of drug paraphernalia. See Docket Sheet, State v. Cherry, Case No. 2014 CF 000614 (Fla. 9th Cir., Osceola Cnty.), available at https://online.osceolaclerk.org/BenchmarkWeb/CourtCase.aspx/DetailsPrint/2411833 (last visited Oct. 24, 2014).[2]

After he was booked, Plaintiff obtained a copy of an affidavit sworn by Deputy Mitchem setting forth the circumstances of his arrest. (Id.). In the affidavit, Deputy Mitchem stated that Sgt. Griffin said he had seen Plaintiff run a stop sign, that Plaintiff's car didn't have a tag light, and that after he pulled Plaintiff over, he "observed a piece of crack cocaine in [Plaintiff's] mouth." (Id.).

Because Plaintiff lacked the means to hire private counsel, Darlene J. Rollins, an attorney from the Osceola County Public Defender's Office, was appointed to represent him. (Id. at 4). At their first meeting, Plaintiff asked Rollins to file a habeas corpus petition to challenge the legality of his confinement. (Id.). Rollins refused to do so because she did not agree with Plaintiff's position. (Id.).

On June 11, 2014, Plaintiff filed suit in this Court against the Osceola County Sheriff. (Case No. 6:14-cv-904-RBD-TBS, Doc. 1). Plaintiff alleged that the Sheriff had deprived him of his liberty without providing him due process of law. (Id.). Plaintiff asked the Court to enjoin his state court criminal prosecution, find his arrest and detention

[2] The contents of state court records may be judicially noticed in this Court pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In addition, district courts are entitled to take judicial notice of public records in determining whether a Plaintiff's complaint states a claim upon which relief may be granted. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280–81 (11th Cir. 1999).

unlawful, and award him damages. (Id.). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Id., Doc. 2). On July 2, Plaintiff amended his complaint, adding Deputy Mitchem and Public Defender Rollins as defendants. (Id., Doc. 5). On July 17, 2014, the Court denied Plaintiff's *in forma pauperis* motion and dismissed the case without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff, who was incarcerated, had previously filed three cases which had been dismissed for failure to state a claim upon which relief may be granted and Plaintiff did not allege that he was under imminent danger of serious physical injury. (Id., Doc. 8). In the state court criminal case, Rollins cited a conflict of interest in her motion for leave to withdraw as Plaintiff's lawyer. The motion was granted and the state court appointed substitute counsel to represent Plaintiff. (Doc. 1, p. 4).

According to Plaintiff, after the dismissal of previous federal case, "he was forced to plead guilty to a misdemeanor paraphernalia charge in order to re-file the complaint as an at-liberty indigent complaint." (Doc. 1, p. 5). State court records reflect that on August 27, 2014, Plaintiff pled guilty to possession of drug paraphernalia and was sentenced to 300 days in the county jail. See Judgment and Sentence/Fingerprints, State v. Cherry (Aug. 27, 2014), copy available at http://198.140.240.30/pdf/nv_872_735887430_img.pdf. The state dropped the cocaine possession charge, presumably as part of the plea agreement.

On October 27, 2014, I entered a report and recommendation recommending that Plaintiff's *in forma pauperis* motion in this case be denied and that his complaint be dismissed with leave to amend. (Doc. 10). In my report I explained that Plaintiff had no claim against his former public defender under § 1983 because the public defender was not acting under color of state law. (Id., pp. 5-6). I concluded that Plaintiff had failed to

state an individual claim against the Sheriff because he pled no facts establishing a causal connection between the Sheriff's actions and Plaintiff's alleged injury. And, I found that Plaintiff had failed to state an official capacity claim against the Sheriff (which is equivalent to a claim against the County itself) because he did not identify any official policy or custom of the County that caused his alleged injury. (Id., pp. 6-7). Finally, I rejected Plaintiff's claims against Deputy Mitchem, because Deputy Mitchem was entitled to rely on Sgt. Griffin's statement that Sgt. Griffin observed a piece of crack cocaine in Plaintiff's mouth. (Id., pp. 7-9).

On November 14, Plaintiff filed his amended complaint (improperly titled second amended complaint) and affidavit of indigency. (Docs. 11, 12). The factual allegations in the second amended complaint largely parallel those in the original complaint. (See Doc. 11, ¶¶ 1-14). Plaintiff included in his second amended complaint a section entitled "Memorandum of Law" in which he argues that the rock of crack cocaine Sgt. Griffin allegedly observed in his mouth was "so minute ... that placed in a person's mouth for the purpose of concealment it would not only be out of view, absent thorough oral cavity search, it would be virtually impossible to detect its presence at all." (Doc. 11, ¶ 16). Plaintiff openly wonders why a suspect would "conceal an illegal substance in his mouth but let it remain in view of a police officer he is conversing with." (Id.). Plaintiff appears to be arguing that given the small size of the crack rock, Deputy Mitchem was unreasonable in believing that Sgt. Griffin (1) saw it in Plaintiff's mouth and (2) recognized that it was probably crack cocaine. (Id.). He also argues that Deputy Mitchem "was unable to identify the substance received from Sgt. Griffin ... as crack until he performed a chemical test." (Id.).

Plaintiff also argues that the Osceola County magistrate improperly determined that probable cause existed to arrest him based on Deputy Mitchem's affidavit. (Id., ¶ 17). Plaintiff maintains that the magistrate should not have relied on Deputy Mitchem's affidavit because it was based in part on information related to him by Sgt. Griffin, and that instead, he should have required an affidavit from Sgt. Griffin. (Id.).

On November 18, the presiding district judge entered an order adopting the report and recommendation and dismissed Plaintiff's second amended complaint with leave to amend. (Doc. 13). The Court adopted the report's findings regarding the initial complaint, and proceeded to review the second amended complaint, which, it concluded

> suffere[d] from the same deficiencies noted in the report that no factual allegations are provided to support any plausible claim of unreasonable search and seizure. To the contrary, Plaintiff's allegations concerning the size of the piece of crack cocaine that was in his mouth during his traffic stop undermines any possible inferences that Mitchem should have rejected his fellow-officer's report as unreliable or that probable cause for Plaintiff's arrest was lacking. Further, Plaintiff set forth no allegations at all to support a claim against Osceola County, which he references only one time in the Second Amended Complaint.

(Id., p. 3). The Court noted that between this case and the Hansell action, "Plaintiff has submitted four meritless complaints concerning his February 17, 2014 arrest and subsequent criminal proceedings, and it appears extremely unlikely that Plaintiff can state a non-frivolous claim." (Id., p. 4). But, "out of an abundance of caution," the Court afforded Plaintiff "one final opportunity to plead a viable claim" and ordered him to file an amended complaint by December 5, 2015. (Id.).

Plaintiff filed his third amended complaint, along with a new motion for leave to proceed *in forma pauperis*, on the deadline set by the Court. (Doc. 14). The third amended complaint contains no factual allegations, but instead reads (and describes

itself) as a "response to the points presented by the District Judge as justification for the summary dismissal of [Plaintiff's] second amended complaint." (Id., p. 1). First, Plaintiff argues that Osceola County should be held liable for "illegitimate rulings made by incompetent judges." (Id., p. 1-2). Plaintiff also argues that the Court misunderstood the second amended complaint as stating that Plaintiff in fact had a rock of crack cocaine in his mouth. (Id., p. 2). Finally, Plaintiff argues that the police never alleged that an illegal substance was seized from his person, and that for this reason the magistrate never should have found that there was probable cause to arrest him. (Id., pp. 2-3). This final claim is contradicted by page 2 of the Sheriff's arrest report, Exhibit "A" to the third amended complaint. (Doc. 14-1 at 2).

## II. Discussion

A. Legal Standard

Federal courts may allow an individual to proceed *in forma paperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). In this district, the Court may "enter such other orders as shall seem appropriate to the pendency of the cause." M.D. FLA. LOCAL RULE 4.07(a).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general—when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that

govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). That said, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an

otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

B. Discussion

Plaintiff includes no new factual allegations in his third amended complaint, only legal argument. As a result, the third amended complaint does not comply with FED. R. CIV. P. 8(a), which requires that a complaint contain a short and plain statement of the basis for jurisdiction, the facts upon which the claim is based, and a demand for relief. This alone justifies dismissal of the third amended complaint. But, because Plaintiff is proceeding *pro se*, I have read the third amended complaint in conjunction with Plaintiff's two previous efforts in this case.

For the reasons noted in my previous report and recommendation and the Court's Order (Docs. 10, 13), Plaintiff's first two complaints fail to include facts that set out a plausible claim for relief. None of the arguments Plaintiff makes in the third amended complaint change this conclusion. First, Plaintiff offers no factual basis for imposing supervisory liability, or any other sort of liability, on the County for the decisions of its judges. Second, Plaintiff's contention that Deputy Mitchem should have questioned the truth of Sgt. Griffin's statement that he observed the rock of crack cocaine in Plaintiff's mouth because the rock was small enough to effectively hide lacks merit. Plaintiff suggests that Deputy Mitchem should have inferred that Sgt. Griffin did not actually seize the rock from his mouth. A much more plausible inference from Deputy Mitchem's perspective is that Plaintiff made a mistake and exposed the rock to Sgt. Griffin's view. Finally, Plaintiff's arguments regarding the sufficiency of the arrest affidavit are frivolous.

The affidavit, which Plaintiff has attached to the third amended complaint (Doc. 14-1), plainly shows that Deputy Mitchem had probable cause to arrest Plaintiff.

## III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 15) and **DISMISS** this case **WITH PREJUDICE**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 8, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, pro se
Counsel of Record
Any other Unrepresented Parties